[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
SUPPLEMENTAL JUDGMENT
By a memorandum of decision issued on January 22, 1993, this court decided the merits of this partition action, ruling that three specified lots be deeded to the plaintiff. Because the proof adduced at the trial on the merits did not supply sufficiently precise property descriptions for these lots, the court required the plaintiff to file by February 10, 1993, a description sufficient for a conveyance of the portion of the jointly held property that the court had determined should be deeded to her as her share of the jointly-owned holdings. The court specified a date for hearing any objections by the defendants to the property description supplied.
The plaintiff failed to comply within the designated time and sought repeated extensions. During that time period, the court received letters from counsel, certified as having been sent to all counsel, that indicated that the plaintiff was taking the position that the court had imposed on the defendants a duty to obtain official subdivision approval and wetlands approval for lots to be conveyed to her. After cautioning counsel that any communication with the court must be in the form of motions, the CT Page 10277 court scheduled a hearing on October 4, 1993, to reiterate that only a property description was required. The court then scheduled a hearing for November 2, 1993, for compliance and the making of any objections by the defendants to the proposed property description.
At that hearing, the plaintiff failed to provide a legal description of the area ordered by the court to be conveyed to her and instead prepared a description of a different area of the jointly held holdings that had been proposed by her at trial and rejected by the court.
The defendants provided the court with what they purported to to be a description of the property ordered to be conveyed to the plaintiff. They indicated their intention to seek the costs of procuring the A-2 survey necessary to produce this legal description after the plaintiff failed to do so despite having been ordered by the court to bear the expenses of preparing such a description. This claim for costs shall be set forth in a Bill of Costs to be filed with the clerk and adjudicated in the manner provided by law.
The judgment of the court entered on January 22, 1993, is hereby supplemented as follows:
The defendants are hereby ordered to convey to the plaintiff, by quit claim deed delivered to her no later than December 6, 1993, title to real property in the town of North Branford, Connecticut described as follows:
 Northerly by Old Post Road 359 feet; Easterly of other land of Cecarelli 449.87 feet; Southerly by Middletown Avenue, 316.67 feet; Southwesterly by land owned by Edwin C. Ahlberg, 166.80 feet; Westerly by land of Edwin Ahlberg, 92.83 feet; Westerly by land of Mary Ellen and Michael S. Dilella, 350.36 feet.
For reasons of equity, no court costs are allowed to the plaintiff.
The defendants shall recover their reasonable costs incurred in providing the legal description set forth above. CT Page 10278
Beverly J. Hodgson, Judge Judge of the Superior Court